**United States Bankruptcy Court**
**Eastern District of Virginia**

In re:

Case No.15-11836-RGM
Chapter 11

Aftab Syed Kazmi
        Debtor in Possession (DIP)

## AFTAB KAZMI'S VERIFIED OPPOSITION TO ALLEGED TRUSTEE WELLS FARGO BANK N.A'S OBJECTION TO CHAPTER 11 PLAN OF REORGANIZATION

Aftab Syed Kazmi ("Debtor"), Debtor in Possession, ("DIP"), Pro Se, hereby objects, rebuts and submits his opposition to Wells Fargo Bank N.A, terminated Trustee for Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1 and under oath states as follows;

### I.   *No Proof of Claim, (POC) Filed by Wells Fargo Bank N.A and or its agents. & Bar date expired on September 30, 2015*

A properly filed POC is prima facie evidence as to the claim's validity (as to the facts alleged therein). Fed R. Bankr P. 3001(f).As of filing of this opposition, disclosure statement and Plan, there is no proof of claims, (POC) have been filed in this case by the alleged creditor Wells Fargo Bank N.A, its agents JPMorgan Chase Bank, Samuel I. White P.C the falsely appointed substitute trustee, or any other entities acting on behalf of these alleged creditors as shown below;



1



a)  341 meeting:  07/02/2015 [Dkt.7 and 10] *See Exhibit-1.*

b)  Deadline for filing claims:  09/30/2015

c)  The Dead Line to file POC by the Wells Fargo Bank et al and other creditors is over

d)  Deadline for filing claims (govt.):  11/24/2015, which is also expired and over now.

e)  The verification of Claims Register upon expiry of Claims deadline was entered on
    November 25, 2015 by this court. [Dkt. 34]

There is no POC filed by the Wells Fargo Bank N.A in this case, on January 4, 2016 and
as of filing of this opposition as shown below;

Wells Fargo Bank N.A or its alleged substitute Trustee, Samuel I. White, P. C, and
Samuel I White P.C as attorney were notified by this court on May 28, 2015 as shown on the list
of creditors. *See Exhibit-2.*

Neither Wells Fargo Bank N.A nor Samuel I White P.C or the alleged Servicer JPMortgan Chase Bank N.A took any action and failed to file the POC on due date and intentionally let the POC bar date expired.

The Article -1 sections 1.3 and 1.10 of the Disclosure statement clearly state that the POC must be filed by September 30, 2015.

## II.   *Samuel I. White P.C as Substitute Trustee Cannot represents Wells Fargo Bank N.A and due to conflict of interest.*

DIP is not in default and his mortgage payments are not being credited towards his mortgage account. Samuel I. White P.C as alleged substitute trustee *appointed* by non-creditor and terminated trustee Wells Fargo Bank N.A cannot represent Wells Fargo, and Samuel I. White P.C's representation as attorney for alleged creditor Wells Fargo Bank N.A breaches its duties as substitute trustee.

A trustee owes a duty of *impartiality*. DIP alleges that, duty exists, that the duty was breached by the Samuel I. White P.C and that the breach caused damages to DIP and his family for defending illegal foreclosure scheduled by the Samuel I. White P.C as substitute trustee and as an attorney for Wells Fargo Bank N.A. Thus Samuel I. White P.C was playing double role and duty of *impartiality was breached.* See *Christensen v. Chris land Corp., 247 Va. 433, 434-44, 442 S.E.2d 660, 666, 10 Va. Law Rep. 1224 (1994).*

The Virginia Supreme Court, however, has also indicated that a trustee under a deed of trust acts as a fiduciary for **both** debtor (DIP in this case) and creditor (alleged creditor Wells Fargo Bank. N.A) and must act impartially between them. See *Whitlow v. Mountain Trust Bank, 215 Va. 149, 152,207 S.E.2d 837, 840 (1974)* (citing *Linney v. Normoyle, 145 Va. 589, 593, 134 S.E. 554, 555 (1926); Rohrer v. Strickland, 116 Va. 755, 759, 82 S.E. 711, 712 (1914)).* And, prior case law has described the *trustee* as an *agent* of *both* debtor and creditor that *must* act impartially between the two. *See Powell, 179 Va. at 174, 18 S.E.2d at 263-64* (citing *Preston v. Johnson, 105 Va. 238, 53 S.E. 1 (1906)).*

DIP alleges that Samuel I. White P.C breached its duty before proceeding with the illegal foreclosure when DIP is not in default and now again breaching its duties, by filing appearance as an attorney for Wells Fargo Bank N.A and filing objections on behalf of alleged creditor and now terminated trustee of Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1.

3

**III.    *Samuel I. White P.C as substitute Trustee is not Neutral and its own attorneys represent substitute trustee Samuel I White P.C and its masters Wells Fargo Bank N.A[conflict of interest]***

Samuel I. White P.C as substitute Trustee and Samuel I. White P.C as attorney representing both the substitute trustee and Wells Fargo Bank N.A create conflict of interest and due to this *dual* role trustee Samuel I. White P.C are unable to be neutral. The general rule concerning the position of a trustee under a deed of trust is that the trustee is a *fiduciary* for both debtor and creditor and must act impartially between them. *Rohrer v Strickland, 116 Va. 755, 759, 82 S.E. 711, 712(1914); Linney v. Normoyle, 145 Va. 589, 593,134 S.E. 554, 555 (1926)*

Implicit in this rule is the proposition that a trustee ***must*** refrain from placing himself in a position where [*29] his ***personal*** interests conflict with the interests of those for whom he acts a fiduciary. Accordingly, Samuel I. White P.C as trustee owes the duty of impartiality such that the trustee must refrain from exploiting its position as a neutral during the foreclosure process and filing objection and then representing Wells Fargo Bank N.A. *Id. at 152, 207 E .E. 2d at 840*

**IV.    *No Accounting Provided by the Non Owner, terminated trustee Wells Fargo Bank N.A***

Moreover, in DIP's corresponding with the Samuel I. White P.C, JPMorgan Chase and terminated Trustee Wells Fargo Bank N.A, DIP argued that Wells Fargo Bank N.A and JPMorgan Chase Bank N.A are not the owner of DIP's debt obligation. These allegations make a valid claim that Wells Fargo Bank N.A and JPMorgan Chase Bank N.A is not the beneficiary of DIP's debt obligation, and therefore any foreclosure by Wells Fargo Bank N.A and JPMorgan Chase Bank N.A or its falsely appointed substitute trustee Samuel I. White P.C is invalid. Such a claim, if proven true, is undoubtedly entitled to equitable relief. *See generally Wills v. Chesapeake W. Ry. Co.*, 178 Va. 314, 16 S.E.2d 649 (1941) (a court sitting in equity may set aside an invalid foreclosure). DIP's Dispute and cease & Desist notices allege that numerous entities have claimed ownership of the Note. Wells Fargo Bank N.A and JPMorgan Chase Bank N.A are not the beneficiary or owner of the debt obligation. *See Cox Cable Hampton Roads*, 242 Va. at 397, 410 S.E.2d at 653

DIP's mortgage payments were not accounted towards his mortgage account and no accountings of his mortgage payments and the debt was not verified and validated by the Wells Fargo Bank N.A and JPMorgan Chase Bank N.A or the entities including Samuel I. White P.C while acting in a dual role, on their behalf. Under Virginia law, an accounting is a form of

4

equitable relief which is available upon order of a court in equity. *McClung v. Smith, 870 F. Supp.* 1384, 1400 (E.D. Va. 1994) This fundamental equitable remedy has long been available to require trustees [alleged trustee Wells Fargo Bank N.A and servicer JPMorgan Chase Bank N.A and holder of void instrument due to rescission] or agents and Samuel I White P.C as substitute trustee and Samuel I. White P.C as attorney for Wells Fargo Bank N.A and its own to account for their actions in dealing with the funds of beneficiaries or principals. *See Bain v. Pulley*, 201 Va. 398, 111 S. E. 2d 287 (1959).

**V.   Wells Fargo Bank N.A admitted in its own documents that, " Wells Fargo Bank N.A is not the creditor"**

Wells Fargo Bank N.A admitted that, "The thing most borrowers fail to realize about conduit loans is that *once a loan has been securitized, they are not working with a "lender" anymore.* The loans are pooled into a securitization called a Real Estate Mortgage Investment Conduit (REMIC). The REMIC is a trust and it has *no* lenders." *See Exhibit-3*

**VI.   DIP Objects to the assertions of Samuel I. White P.C as substitute trustee which has no authority as attorney & substitute trustee[dual Role] to represent his masters Wells Fargo Bank N.A**

*As stated above that,* "Samuel I. White P.C as substitute Trustee *and* Samuel I. White P.C as attorney representing *both* the substitute trustee and Wells Fargo Bank N.A *create* conflict of interest and due to this dual role substitute trustee, as trustee and attorney of Wells Fargo Bank N.A are unable to be neutral. The general rule concerning the position of a trustee under a deed of trust is that the trustee is a *fiduciary* for both debtor and creditor and must act impartially between them. *Rohrer v Strickland, 116 Va. 755, 759, 82 S.E. 711, 712(1914); Linney v. Normoyle, 145 Va. 589, 593,134 S.E. 554, 555 (1926)"*

*Samuel I. White P.C as substitute trustee* and its  role as attorney also [conflict] wrongly concluded that the amount DIP owed to the alleged secured creditor [now terminated trustee wells Fargo Bank N.A] (Samuel I. White P.C's objection ¶2 pg.1 Dkt.38) is

a)  Arrearages due to this Secured Creditor are approximately$ 423,478.26 plus fees.

a)  That the loan, as of June 10, 2015, was due for the August 1, 2008 installment, with a principal and interest payment amount of $7,074.62 per month. Upon information and belief, there existed an escrow advance on the loan in the amount of $95,699.37 and the principal balance was $1,263,449.90.

a) DIP objected previously and objects and disputes these false amounts because the DIP is not in default. *Id*

b) *DIP also objects to the assertions of Samuel I. White P.C as substitute trustee* and its attorney also [conflict], that, " Wells Fargo Bank N.A is a secured creditor.(Samuel I. White P.C's objection ¶1 pg.1 Dkt.38)

c) *DIP's Plan is not underfunded as falsely alleged by Wells Fargo Bank N.A* (Samuel I. White P.C's objection ¶3 pg.1 Dkt.38)

d) *DIP's Plan is not underfunded,* provide adequate protection to Secured Creditor's interests as required by 11 U.S.C. § 361, and does meet all the requirements of 11 U.SC. §1129.(Samuel I. White P.C's objection ¶3 pg.2 Dkt.38)

a)  The alleged creditor Wells Fargo Bank N.A was part of the Global settlement with Bank of America, JPMorgan Chase, Citi Bank N.A and GMAC. Wells Fargo and JPMorgan Chase failed to honor their commitments made in global settlement to reduce the value of the DIP's property to the current value of the property, which is now $ 768,000.00. (Samuel I. White P.C's objection ¶¶4-5 pg.2 Dkt.38)

b) The Plan funding is not speculative and is feasible, as it does not rely on the short sale of the property, as falsely alleged by the Wells Fargo through its agent *Samuel I. White P.C as substitute trustee* and its attorney also [conflict]. (Samuel I. White P.C's objection ¶ 6 pg.2 Dkt.38). DIP has stated, " What Creditors Would Receive if the Case Was converted to a Chapter 7" (See pg.27 Exhibit-2 of Plan) and is re produced as below;

Real Property: 43007 Janneys Cornor Court Ashburn Va 20148

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $768,000.00 | 1st  1,150,000 | $46,080.00 | 0.00 | $70,000.00 | $651,000.00 |
|  | 2nd  $0.00 |  |  |  |  |
|  | 3rd  N/A |  |  |  |  |

The Debtor shall retain the Assets of the estate (except any assets being sold), and shall there with conduct his affairs and pay his ordinary living expenses while paying the creditors' the amounts set forth in this plan. Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves his right to begin or continue any adversary

proceeding permitted under the Code and Rules to collect any debts, or to pursue any claims in any court of competent jurisdiction.

Except as expressly provided for in this Plan, nothing in this Plan shall be deemed to constitute a waiver of any claim that the Debtor may assert against any other party, including the holder of any claim provided for in this Plan, and the allowance of any claim against the Debtor or the estate shall not bar any claim by the Debtor against the holder of such claim.

In light of the $768,000 value of the residence, including the value of the land, there should be no difficulty in paying the claims as provided. A sale at $739,000 would net approximately the following, assuming all filed claims is allowed:

- Sale price: $768,000
- Less commission: $46,080.00
- Less other closing costs: $10,000.00
- Less Amount Exemption: $ 70,000.00
- Net: $641,000.00
- 1st Trust: 514,920.00
- 2nd Trust: $0.00 [Debtor already settled with creditor. See Dkt.1 pg. 23 of 26]
- Capital gains: $0.00
- Class D: $0.00
- Class E: $0.00
- Surplus: $0.00
- Shortage:$499,000.00

*Samuel I. White P.C as substitute trustee* and *Samuel I. White P.C* as attorney for substitute trustee and Wells Fargo Bank N.A also failed to submit any proof how it calculated these alleged amount repeatedly disputed by the DIP. However, to come to such conclusion, *Samuel I. White P.C as substitute trustee* and *Samuel I. White P.C* as attorney for substitute trustee and Wells Fargo Bank N.A ignored that the loan was rescinded. Under TILA, post rescission, there are to be no additional charges or fees added. Moreover, the creditor is responsible for *statuary*, *actual*, *attorney's fees* and *other* damages accrued for each TILA violation post rescission. Thus, calculating and adjusting such damages could arguably lower the total amount owed on the loan falsely alleged as $ 1,263,449.90 by *Samuel I. White P.C as substitute trustee* and its attorney also [conflict]. (See Samuel I. White P.C's objection ¶2 pg.1 Dkt.38) as the failure to honor a rescission required is a separate violation, giving rise to a separate claim for damages.

**VII.    REMIC Trusts including Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, and Series 2006-AR1 never operated and never received any investments dollars or any startup funds.**

*The* REMIC Trusts, *including Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, and Series 2006-AR1 (now dissolved in 2008)* never operated and never received any investments dollars or any startup funds. They are empty having no assets and they exist only on paper. Writing a trust instrument does not create a trust. It is only when there is property and assets transferred into the Trust that the Trust is created and becomes a legal entity. The blizzard of paperwork, forged and fabricated assignments, endorsements, backdating, etc. was meant to distract courts from the truth.

If the Trustee (now terminated), Wells Fargo Bank N.A has some fool robo-sign the Tax reports, it is subjecting the person and frequently Wells Fargo Bank to multiple Federal criminal and civil liabilities. If Wells Fargo Bank N.A says the Trust did operate when in fact it *was* not operating, they are cooked. If they admit that the Trust was not operating, and then they are admitting that all those foreclosures past, present and future were a scam on borrowers, the courts and the economy

"The Big Short[1]" movie recently released, the phrase used is ***"fraud always goes south"*** meaning that at the end of the day everyone knows everything. The Banks and maybe even the Trustees now terminated Wells Fargo Bank N.A may argue that they treated the money as though it was a trust asset and that they should be treated as qualifying "REMIC" Trusts even though the Trust had nothing in it. DIP request this Court to ask Wells Fargo Bank N.A to produce, the tax return of the REMIC Trust in whose name "collection" or "enforcement" is sought. The REMIC Tax return is likely to produce some fireworks that end up in settlements. [26 CFR 1.860F-4 - REMIC reporting requirements and other administrative rules]DIP would

---

[1]**"The Big Short"**— to show the proliferation of scams that enabled the government and the banks to make it appear that there was government intervention. Like securitization, servicing, and trusteeship of fake trusts, it was and remains a complete illusion. The bitter truth is that the Banks intentionally convoluted their scheme such that it would take intensive study, experience, training and knowledge to even pierce the first layer of their bogus scheme based mostly on a conventional Ponzi scheme. Practically nobody in government, law enforcement or anyone else was willing to invest the time and energy. "The Big Short"--- *details how a handful of hedge fund managers employed by these banks predicted the implosion of garbage-loaded collateral debt obligations and profited from the crash.* "Most of these guys on Wall Street didn't care at all about the impact of their actions on regular people because they were making too much money," *The banks made billions of dollars in fees from trading mortgage bonds, so then the ratings agencies came on board to make their fees for giving high ratings to those bonds*. And the FCC never stepped in because people from that agency often get hired by the banks. The impending market collapse is being further perpetuated by the sale of collateralized debt obligations (CDOs), groups of poor loans that are packaged together by these banks and incorrectly given AAA ratings due to the conflicts of interest and dishonesty of the rating agencies.

expand the request to include the financial statements of the REMIC Trust and the names of the parties who created them.

VIII.   ***Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, and Series 2006-AR1, is not Registered with the Secretary of State of Virginia***

The law requires any business trust, Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, and Series 2006-AR1 operating in the state of Virginia to register with the Secretary of State and file income tax returns. The REMIC trusts that own DIP's mortgages didn't register, the agency confirmed. Failure to comply is just as fatal to the REMIC's foreclosure attempts as is the failure to register with the state. The reason why the servicers and proclaimed REMIC trusts have not complied is the fact they couldn't comply, even if they wanted to, without committing further fraud, if they complied by submitting the requisite affidavits, they would be admitting to the original fraud upon the trust investors; that the assets were never conveyed and transferred to the trusts including Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, and Series 2006-AR1. The Wells Fargo Bank N.A/Trust has engaged in these same acts, and should be barred from retroactively applying for a license to conduct business in this state of Virginia. The Wells Fargo Bank N.A /Trust has been operating illegally, and likely evading its tax liabilities to the State of Virginia for more than 10-years since the first illegal transfer. Shining further light upon the Wells Fargo Bank N.A /Trust's failures to comply with Virginia laws, both assignments in 2009 and 2012 to the Wells Fargo Bank N.A /Trust failed to comply with the Law, to which these failures also render the assignments "Void"

IX.   ***Securitization transactions; no interest retained by transferor Wells Fargo Bank N.A and its alleged agents***

In 2008 due to the major trigger event and Bailout of AIG Wells Fargo Bank N.A was paid for the assets of the REMIC Trust Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, when it sold the toxic assets to Maiden Lane I, II and III LLC under the supervision of US Treasury and Federal Reserve. Notwithstanding any other provision of law, including § 8.9A-623, to the extent set forth in the transaction documents relating to a securitization transaction:

**1.** Any property, assets, or rights purported to be transferred, in whole or in part, in the securitization transaction shall be deemed to no longer be the property, assets, or rights of the transferor;

**2.** A transferor in the securitization transaction, its creditors or, in any insolvency proceeding with respect to the transferor or the transferor's property, a bankruptcy trustee, receiver, debtor, debtor in possession, or similar person, to the extent the issue is governed by the laws of the Commonwealth, shall have no rights, legal or equitable, whatsoever to reacquire, reclaim, recover, repudiate, disaffirm, redeem, or re-characterize as property of the transferor any property, assets, or rights purported to be transferred, in whole or in part, by the transferor; and

**3.** In the event of a bankruptcy, receivership, or other insolvency proceeding with respect to the transferor or the transferor's property, to the extent the issue is governed by the laws of the Commonwealth, such property, assets, and rights shall _**not**_ be deemed to be part of the transferor's property, assets, rights, or estate.

*CODE OF VIRGINIA § 8.9A-623*

**PRAYER FOR RELIEF**

WHEREFORE, in the light of the foregoing facts, Aftab Syed Kazmi Debtor in Possession, ("DIP"), hereby requests this court to deny the objections of Wells Fargo Bank N.A by the Samuel I White P.C, who is not authorized to represent Wells Fargo Bank N.A having dual role, due to conflict of interest, should be denied with prejudiced and the Plan and Disclosures be confirmed, for such other relief as this Court deems proper.

Respectfully submitted,

January 5, 2016                    Debtor in Possession (SYED AFTAB KAZMI)
43007 Janneys Cornor Court
Ashburn Va 20148

**VERIFICATION UNDER OATH BEFORE NOTARY PUBLIC**

STATE OF VIRGINIA   )
)  SS:
COUNTY OF LOUDOUN)

SUBSCRIBED AND SWORN to under penalty of perjury, on this, the 5th day of January, 2016 before me a notary public, County of Loudoun, Virginia undersigned officer, personally appeared Aftab Syed Kazmi satisfactorily proven to be person whose names are subscribed to within instrument. In witness hereof, I hereunto set my hand and official seal.

(SIGNATURE OF NOTARY PUBLIC) My Commission expires on 01/31/2019

**CERTIFICATE OF SERVICE**

On January 5, 2016, copy of the above was mailed postage paid via United States Postal Service First Class to the followings;

1. Eric D. White, Esquire,
   Samuel I. White, P. C.
   1804 Staples Mill Road, Suite 200
   Richmond, VA 23230

2. Jack Frankel, Esquire,
   Office of United States Trustee
   115 S Union Street
   Alexandria, VA 22314

January 5, 2016

Debtor in Possession (SYED AFTAB KAZMI)
43007 Janneys Cornor Court
Ashburn Va 20148