

UNITED STATES BANKRUPTCY COURT
FOR EASTERN DISTRICT OF ALEXANDRIA

In Re

SYED AFTAB KAZMI

Debtor in Possession, (DIP)

Case No. 15-11836-RGM
Chapter-11
1:16-cv-00178-LMB/IDD

### REQUEST TO EXTEND TIME TO PROCEED WITH THE APPEAL DUE TO UNTIMELY DEATH OF THE DEBTOR IN POSSESSION

COMES NOW Afshan Kazmi on behalf of Deceased's estate, of Debtor in possession Syed Aftab Kazmi, who died on February 14, 2016, moves this court and state as under;

### BACKGROUND

1. On May 28, 2015 late Syed Aftab Kazmi, ("Kazmi 0r DIP") filed Voluntary Petition under Chapter 11. [Dkt.1]

2. On June 25, 2015 DIP filed Schedule(s) and/or Statement(s), Lists, and listed claims of $ 23,000,000 against the JPMorgan Chase, Chase, EMC Mortgage, Wells Fargo Bank N.A et al on Schedule B [Dkt.16]

3. None of the alleged creditors JPMorgan Chase, Chase, EMC Mortgage, Wells Fargo Bank N.A et al filed any objection to DIP's Claims on Schedule B stated above.

4. None of the alleged creditors filed any Proof of Claim, (POC) and bar date to file POC was over on September 30, 2015. *See Claim Register re- produce below and [Dkt. 40]*

1





5. On November 20, 2015 DIP filed Disclosure Statement and Chapter 11 Plan.[Dkt.32]

6. Neither US Trustee neither the alleged creditors filed the objection to the filed Disclosure Statement and Chapter 11 Plan.

7. Samuel I. White P.C, (SIWPC) while acting as *dual* role, as *substitute trustee* and as *attorney* for the alleged creditor and terminated trustee Wells Fargo Bank N.A filed objection to the Plan and not the Disclosure Statement.

8. *Samuel I. White P.C as Substitute Trustee Cannot represents Wells Fargo Bank N.A and due to conflict of interest.*

2

9. *DIP objected Samuel I. White P.C's dual role as Substitute Trustee and attorney for alleged creditor. [Dkt.40]*

10. A trustee owes a duty of *impartiality*. DIP alleged that, duty exists, that the duty was breached by the Samuel I. White P.C and that the breach caused damages to DIP and his family for defending illegale foreclosur scheduled by the Samuel I. White P.C as substitute trustee and as an attorney for Wells Fargo Bank N.A. Thus Samuel I. White P.C was playing double role and duty of *impartiality was breached.* See *Christensen v. Chris land Corp.*, 247 Va. 433, 434-44, 442 S.E.2d 660, 666, 10 Va. Law Rep. 1224 (1994). See also Dkt. 40

11. The Virginia Supreme Court, however, has also indicated that a *trustee* under a deed of trust acts as a fiduciary for *both* debtor (DIP in this case) and *creditor* (alleged creditor Wells Fargo Bank. N.A) and must act impartially between them. See *Whitlow v. Mountain Trust Bank*, 215 Va. 149, 152, 207 S.E.2d 837, 840 (1974) (citing *Linney v. Normoyle*, 145 Va. 589, 593, 134 S.E. 554, 555 (1926); *Rohrer v. Strickland*, 116 Va. 755, 759, 82 S.E. 711, 712 (1914)). And, prior case law has described the *trustee* as an *agent* of *both* debtor and creditor that *must* act impartially between the two. See *Powell*, 179 Va. at 174, 18 S.E.2d at 263-64 (citing *Preston v. Johnson*, 105 Va. 238, 53 S.E. 1 (1906)). See Dkt. 40

12. This Court ignored DIP's objection on Samuel I. White P.C as Substitute Trustee and allowed Samuel I. White P.C as Substitute Trustee to proceed with the double role as substitute trustee and attorney.

13. On February 09, 2016 this Court dismissed the case with condition, to file Schedules with the petition, when DIP was never late in filing Schedules and other documents.

3

14. On February 10, 2016 DIP sent an e-mail to US Trustee and its attorney Mr. Jack Frankel and no one responded.

15. On February 11, 2016 this court entered order of dismissal with conditions.[Dkt.46]

16. On February 13, 2016 DIP filed Notice of Appeal, (NOA). [Dkt. 49]

17. On February 14, 2016 DIP died due to heart attack.

18. On February 19, 2016 this Court sent Inquiry/General Check sheet.[Dkt.50]

19. Appellant Designation and statement of Issues on Appeal due by 3/4/2016. [49]

20. Due to the untimely death of Appellant Syed Aftab Kazmi, the matter is pending with the Probate Court, Loudoun County Circuit Court and after appointment of the Personal Representative/Executor of the deceased estate the appeal will be proceed by the probate Court appointed Executor pursuant to the Will of the deceased.

**RELIEF REQUESTED**

WHEREFORE, Afshan Kazmi wife of Syed Aftab Kazmi, DIP in this case requests this Court to extend the time to extend Appellant Designation and statement of Issues on Appeal for 30 days, till April 4, 2016 on compassionate grounds.

Respectfully submitted on March 1, 2016

_____
Afshan Kazmi (Pro Se on behalf of Deceased Estate)
43007 Janneys Cornor Court
Ashburn Va 20148

CERTIFICATE OF SERVICE

Copy of the above was filed in court on March 1, 2016 and mailed to the following via USPS postage paid;

1. Samuel I. White, P. C.
   1804 Staples Mill Road, Suite 200
   Richmond, VA 23230

2. Jack Frankel, Esquire,
   Office of United States Trustee
   115 S Union Street
   Alexandria, VA 22314
3. US District Court ---- Case No. 1:16-cv-00178/LMB/IDD
   Eastern District of Virginia
   401 Court House Square
   Alexandria VA

*[signature]*
Afshan Kazmi (Pro Se on behalf of Deceased Estate)

5